UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRISCILLA WALKER | CIVIL ACTION |
| VERSUS | NO. 14-835 |
| JEFFERSON PARISH SHERIFF NEWELL NORMAND, ET AL. | SECTION: "H"(1) |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Priscilla Walker, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. She named as defendants Sheriff Newell Normand, Justin Jerry, Steven Brens, Steven Dorsey, Commissioner Patricia Joyce,[1] and an unidentified assistant district attorney. Although the complaint is vague, the claims asserted therein appear to arise from an arrest and subsequent prosecution in Jefferson Parish, Louisiana. It is unclear from the complaint whether Priscilla Walker was one of the individuals arrested and prosecuted.[2]

---

[1] In the complaint, plaintiff refers to Patricia Joyce as a judge; however, Joyce is actually a commissioner of the Louisiana Twenty-Fourth Judicial District Court.

[2] Inmates Medric Ayche and Joharri Walker also originally joined the complaint as plaintiffs. However, those two individuals were denied leave to proceed *in forma pauperis*, Rec. Docs. 10 and 15, and they have not paid the required filing fee. Therefore, they are not currently considered plaintiffs in this lawsuit.

Commissioner Joyce has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3]  Plaintiff has not opposed that motion.[4]

Commissioner Joyce argues that the claims against her in her official capacity are barred by the Eleventh Amendment and, therefore, should be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.  She is correct.

Commissioner Joyce is employed as a commissioner of the Louisiana Twenty-Fourth Judicial District Court, and, as a result, a judgment against her in her official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1.  Because an official-capacity claim against her is therefore in reality a claim against the state itself, any such claim is barred by the Eleventh Amendment.  Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[5]  Accordingly, the official-capacity claim against

---

[3]   Rec. Doc. 24.

[4]   The motion was noticed for submission on July 9, 2014, and, pursuant to Local Rule 7.5, plaintiff's response was due no later than eight days before that date.  No response was filed.

[5]   The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to

2

Commissioner Joyce should be dismissed without prejudice pursuant to Rule 12(b)(1).  Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996).

As to any claim against her in her individual capacity, Commissioner Joyce argues that dismissal is appropriate pursuant to Rule 12(b)(6) because the complaint fails to state a claim on which relief may be granted.  Again, she is correct.

To survive a Rule 12(b)(6) motion, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In the instant complaint, the claim against Commissioner Joyce is stated as follows:

---

a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

>Judge, Patricia Joyce is guilty for giving these law enforcement officers the authority to harrass the plaintiffs, knowingly and intentionally depriving plaintiffs of his constitutional guaranteed right to due process of law, judicial review, access to courts and subjecting them to cruel and unusual punishment, all in violation of their 4th, 5th, 8th and 14th amendments to the U.S. Constitution.[6]

However, it is clear that, with respect to a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Accordingly, plaintiff's conclusory allegations are obviously insufficient to survive the Rule 12(b)(6) motion.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss filed by Commissioner Patricia Joyce, Rec. Doc. 24, be **GRANTED** and that the claims against her be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[6] Rec. Doc. 1, p. 3.

4

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

    New Orleans, Louisiana, this eleventh day of July, 2014.

                      **SALLY SHUSHAN**
                      **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.