UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRISCILLA WALKER                                              CIVIL ACTION

VERSUS                                                         NO. 14-835

JEFFERSON PARISH SHERIFF                                       SECTION: "H"(1)
NEWELL NORMAND, ET AL.

# REPORT AND RECOMMENDATION

Plaintiff, Priscilla Walker, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. She named as defendants Sheriff Newell Normand, Justin Jerry, Steven Brens, Steven Dorsey, Commissioner Patricia Joyce, and an unidentified assistant district attorney. Although the complaint was vague, the claims asserted therein appeared to arise from an arrest and subsequent prosecution in Jefferson Parish, Louisiana. It was unclear from the complaint whether Priscilla Walker was one of the individuals arrested and prosecuted.[1]

After the claim against Joyce was dismissed without prejudice on August 14, 2014,[2] the Court scheduled a Spears hearing to examine the nature and factual bases of plaintiff's claims against the remaining defendants.[3] The Order setting that hearing informed plaintiff:

---

[1] Inmates Medric Ayche and Joharri Walker also originally joined the complaint as plaintiffs. However, those two individuals were denied leave to proceed *in forma pauperis*, Rec. Docs. 10 and 15, and they have not paid the required filing fee. Therefore, they are not currently considered plaintiffs in this lawsuit.

[2] Rec. Doc. 27; Walker v. Normand, Civ. Action No. 14-835, 2014 WL 4072103 (E.D. La. Aug. 14, 2014).

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1989). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).

> A <u>Spears</u> hearing is hereby **SCHEDULED** for **September 17, 2014, at 9:30 a.m.,** before the undersigned United States Magistrate Judge. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1989). The purpose of the <u>Spears</u> hearing is to examine the basis of plaintiff's claims.
>
> Priscilla Walker shall participate **by telephone** with the Magistrate Judge's office initiating the call. She is ordered to contact the undersigned Magistrate Judge's chambers at 504-589-7620, no later than September 15, 2014, to provide the Court with a telephone number at which she can be reached on September 17, at 9:30 a.m. **If she fails to do so and fails to participate in the scheduled conference, the undersigned will recommend that plaintiff's claims be dismissed for failure to prosecute.**[4]

Despite that express warning, plaintiff neither provided the Court with a telephone number for the hearing nor participated in the conference.

In light of the foregoing, it is appropriate to dismiss plaintiff's remaining claims for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider her conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff neither provided the Court with a telephone number for the <u>Spears</u> hearing nor participated in the conference, despite

---

[4] Rec. Doc. 28 (emphasis in original).

being expressly warned that her failure to do so would result in a recommendation that her remaining claims be dismissed. Due to her failure to participate in the conference, the nature and factual bases of her claims against the remaining defendants remain unclear, and this Court unable to advance this case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the remaining defendants be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this seventeenth day of September, 2014.

                **SALLY SHUSHAN**
                **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.